IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Thomas Jones, | C/A No. 6:13-2169-TMC-KFM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Greenville County Police Department; Greenville County Solicitor Lucas Marchant; Greenville County Detention Center; Greenville County Magistrate Court; Greenville County Circuit Court; D.A. Kern, Officer; Lashawn Nuhu Reid, Judge, Municipal Court; D. P. Garrison, Officer; John Barksdale, Judge; Mark W. Hartle, Judge; Timothy Sullivan, Public Defender; James M. Dorriety, Assistant Administrator, GCDC; Letitia H. Verdin, Judge; Scott D. Robinson, Attorney, | |
| Defendants. | |

## **Background**

This *pro se* Plaintiff alleges he is a pretrial detainee at the Greenville County Detention Center ("GCDC"), and he brings a civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1]  Compl. 2–5.  He alleges that he has been detained illegally for more than one year in violation of his right to a speedy trial based on state criminal charges of kidnaping, lewd act, and exploitation. *Id.*. 3.  He alleges that there is no evidence against him and that he did not commit any crimes. *Id.* He alleges false

---

[1] Plaintiff filed attachments to the Complaint, ECF No. 6, which are copies of his letters written to "various people in positions of power" for this court to "study." ECF No. 6 at 1. This court has reviewed the copies of the letters, and several were written by Plaintiff to some of the defendants in this action. *See, e.g.,* ECF No. 6 at 3. However, this court does not believe that the attachments raise any additional claims that Plaintiff seeks to litigate in this case. Instead, it appears that the Complaint itself contains the entire lawsuit.

arrest and false imprisonment.  *Id.*  Further, he alleges that his preliminary hearing was waived without his consent, and his attorneys have failed to properly represent him, thus committing ineffective assistance of counsel and negligence.  *Id.* 3–5.  Plaintiff sues a variety of defendants including a police department, detention center, courts, judges, attorneys, and police officers.  *Id.* 1–2.  The main relief Plaintiff seeks is injunctive—a dismissal and acquittal of all pending criminal charges and release from the GCDC.  *Id.* 5.

The on-line court records from Greenville County Thirteenth Judicial Circuit Public Index reveal that Plaintiff's criminal charges in the Greenville County Court of General Sessions were disposed of on August 15, 2013, and August 20, 2013.[2]  *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search "Clayton T. Jones") (last visited August 28, 2013).  It appears that three charges were dismissed, and he received a sentence of "10 yrs susp CTS" on two counts of sexual exploitation of a minor, third degree, and of "10 yrs susp 472 days bal susp w/ prob 3 yrs" on one count of sexual exploitation of a minor, third degree.  *Id.*  It appears that Plaintiff is still incarcerated in the GCDC.  *See* Greenville County Government Detention Center, http://app.greenvillecounty.org/inmate_search.htm (search "Clayton Jones") (last visited August 28, 2013).

---

[2] This court may take judicial notice of factual information located in postings on government websites.  *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

2

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

3

This entire action should be dismissed because there is no longer a case or controversy. The case or controversy requirement applies to all stages of a federal case, and "[m]ootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a 'case or controversy.'" *Williams v. Ozmint*, 716 F.3d 801, 808–09 (4th Cir. 2013). "A court is deprived of jurisdiction over a case when the case becomes moot." *Id.* at 809. "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* "A change in factual circumstances can moot a case . . . such as when the plaintiff receives the relief sought in his or her claim . . . or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff . . ." *Id.* Here, the injunctive relief Plaintiff sought when he filed the Complaint was based on his being detained for more than one year without a trial, and he requested dismissal or acquittal of the pending state criminal charges. After he filed the Complaint, Plaintiff had his day in court where he pled guilty to three counts of sexual exploitation of a minor, third degree, and he received his sentence. The other three charges were dismissed. Plaintiff no longer has a legally cognizable interest in the outcome of this case because he would no longer seek an acquittal of pending charges because he, in fact, has pleaded guilty to three of the charges. Also, Plaintiff has received part of the relief sought in his claim such that several of the charges were dismissed. Accordingly, this court lacks jurisdiction over this action because it is now moot.

Moreover, even if Plaintiff's request that he be released from the GCDC is possibly not moot, release from prison is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

## **Recommendation**

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

August 29, 2013                                           s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).